IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-01574-WYD-PAC

ROSS ALAN MILBURN,

      Plaintiff,

v.

HARLEY LAPPIN, ANDREW DACHISEN, LOUIS WINN, MR. QUINTANA, Lt. PAGLI, F.A.
BIERSCHBACH, Mr. CREEK, MIKE BURRESS, Lt. JETER, and PETE PATTIOS,

      Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

Patricia A. Coan, United States Magistrate Judge

      This action was originally filed as an application for habeas corpus relief under

28 U.S.C. §2241. On September 15, 2004, plaintiff filed an amended complaint, alleging

jurisdiction under 28 U.S.C. §§ 1331 and 1346, and other federal statutes, and

requesting a jury trial.   Plaintiff was incarcerated at the U.S. Penitentiary (USP) in

Florence, Colorado, but recently has been transferred to the USP in Beaumont, Texas.

Pending before the court are five motions.  The first three are defendants'[1] Motions to

Dismiss Pursuant to FED. R. CIV. P. 12(b)(1), 12(b)(2) and 12(b)(6) [all filed March 7, 2005

---

[1]All the named defendants except for "Lt. Jeter" have moved to dismiss.  Defendants were
not able to find a current employee by that name at the FCI in Greenville, Illinois, and were
ordered to provide the U.S. Marshal with the last known address of the former employee so that the
marshal could serve him.  Defendants submitted the address on June 24, 2005, but as of this date,
no return of service has been filed. In addition, defendants' counsel stated at the March 15, 2005
scheduling conference that Lappin had not been served, but his name is listed as one of the
defendants moving to dismiss plaintiff's complaint.

and referred to me on March 8, 2005].  Plaintiff filed his lengthy response[2] to these motions on July 8, 2005.   Also pending are plaintiff's Motion for Leave to File Supplemental Amendment to Complaint [filed and referred to the undersigned on June 6, 2005], to which defendants filed their response on June 10, 2005; and plaintiff's Motion to Clarify Proposed Supplemental Amendments to Complaint [filed July 5, and referred on July 6, 2005].

## Background

Plaintiff's amended complaint consists of forty-two pages.  The first ninety-seven paragraphs (twenty-nine pages) of the handwritten document are a long and rambling narrative relating, among other things, to plaintiff's exposure to environmental tobacco smoke (ETS) in the federal prison system while being housed at various facilities over the course of twenty years including: USP Terre Haute, Indiana; USP Leavenworth, Kansas; FCI Greenville, Illinois; Federal Correctional Institution (FCI) Pekin, Illinois; and FCI Florence, Colorado.  Plaintiff raises a number of issues which include complaints to prison staff regarding prison administrators' inability or unwillingness to enforce applicable no-smoking policies (¶18 at 5 of the amended complaint), and retaliatory segregation and transfer for filing administrative remedies which sought placement in non-smoking housing (¶¶48, 52 at 16-17).

In the section of his amended complaint entitled "cause of action," there are twenty-eight paragraphs (seven pages in length) which I interpret as *Bivens*[3] claims

---

[2]Plaintiff's handwritten response is 105 pages in length.  The exhibits and attachments which accompany it are 267 pages long.

[3]*Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

identifying five claims as follows: (1) an Eighth Amendment claim relating to plaintiff's asserted right to live in a smoke-free environment; (2) an Eighth Amendment claim for prison officials' failure to protect plaintiff from injury by prisoners who are smokers; (3) retaliatory transfer to the FCI in Florence, Colorado; (4) due process - liberty interest deprivations for prison officials' failure to release plaintiff from long-term lockdown; and (5) due process - property interest deprivations for loss of plaintiff's property.

Other claims which plaintiff may be attempting to make, such as those set forth in ¶116 at 34 (Fifth and Eighth Amendment violations for Lappin, Dachisen, and Winn's failure to "provide suitable quarters, safekeeping, care and proper classification according to their assessment of the nature of plaintiff's offenses committed, his character, and mental condition . . ."); ¶117 at 34 (a "pattern of practice" claim for violations of the First, Fifth and Eighth Amendments); ¶122 at 35-36 (statements regarding false allegations and unsubstantiated findings of guilt); and ¶123-125 at 36 (for abuse of authority against "each and every defendant," including a sweeping request that plaintiff's disciplinary records be cleared) are vague and conclusory. It does not appear that plaintiff has intended to set forth these assertions as separate claims, and I cannot otherwise construe them as "claims."

Since the filing of his amended complaint, plaintiff has filed (on June 6, 2005) Proposed Supplemental Amendments to Complaint,[4] and these proposed amendments are problematic. By his amendments (which he prefers to characterize as "clarification of clerical errors and identification of proper defendants"), plaintiff seeks to: separate the

---

[4]On July 7, 2005, plaintiff also filed a Motion to Clarify Proposed Supplemental Amendments to Complaint, which does not accomplish any "clarification" of his proposed amendments.

term "individual and official capacity;" assert a Federal Tort Claims Act (FTCA) claim against the United States for his loss of property; raise a claim under the Freedom of Information Act (FOIA); add a claim for punitive damages; and list the defendants responsible for First, Fifth and Eighth Amendment violations.  Defendants have objected to the proposed amendments, and for reasons set forth below, I recommend that plaintiff's motion to clarify be granted and his motion to amend the amended complaint be denied.

Plaintiff's amended complaint seeks remedies in the form of: declaratory judgment (¶5 at 38); injunctive relief; expungement of plaintiff's prison record (¶8 at 40); and damages.  I now turn to defendants' three pending motions to dismiss.

## A. Defendants' Motion Under FED.R.CIV.P. 12(b)(1) - Lack of Subject Matter Jurisdiction

I examine plaintiff's *pro se* amended complaint in a charitable manner. *Pro se* pleadings are to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). A court will not construct legal theories which assume facts that have not been pleaded, *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989), nor is the court obligated to "supply additional factual allegations to round out a plaintiff's complaint." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).  On a motion to dismiss under FED.R.CIV.P. 12(b)(6) for failure to state a claim, the court must accept as true well-pleaded factual allegations. *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).  All reasonable inferences must be resolved in plaintiff's favor. *Bauchman v. West High School*, 132 F.3d 542, 550 (10th Cir. 1997)(internal citations omitted).  Dismissal is appropriate only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also,*

4

*Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 586 (10th Cir. 1994); *Miller*, 948 F.2d at 1565.

All defendants (except Jeter) have moved to dismiss the amended complaint under FED.R.CIV.P. 12(b)(1) for lack of subject matter jurisdiction. The party bringing an action in federal court bears the burden of showing that the case falls within the court's subject matter jurisdiction. *Henry v. Office of Thrift Supervision*, 43 F.3d 507, 512 (10th Cir. 1994). Jurisdiction is a threshold issue which should be addressed prior to consideration of the merits. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998). Consequently, I consider the motion to dismiss for lack of subject matter jurisdiction first.

*1. Sovereign Immunity as a Bar to Subject Matter Jurisdiction*

Sovereign immunity is jurisdictional in nature. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). Plaintiff bears the burden of demonstrating that defendants have waived sovereign immunity. *Fostvedt v. United States*, 978 F.2d 1201, 1203 (10th Cir. 1992). Subject matter jurisdiction over claims asserted against defendants in their official capacities (which would in effect be suit against the agencies employing them) does not exist because there is no waiver of sovereign immunity. In addition, a *Bivens* action may not be brought against federal agencies or agents acting in their official capacities. *Hatten v. White*, 275 F.3d 1208, 1210 (10th Cir. 2002), citing *Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 483-86 (1994).[5] The *Bivens* claims against defendants in their

---

[5]Because of the problematic nature of the relief sought by plaintiff in his amended complaint, which includes ten requests for monetary damages totaling $1,256,000.00, and eight requests for injunctive relief in the form of a temporary restraining order, I will not convert plaintiff's requests for injunctive relief into a request for writ of mandamus in light of *Simmat v. U.S. Bureau of Prisons*, 413 F.3d 1225, 1231-32 (10th Cir. 2005).

official capacities are properly dismissed.

With regard to plaintiff's proposed amendment to add a claim under the FTCA, 28 U.S.C. § 2680(c) provides that the FTCA's waiver of sovereign immunity does not apply to "[a]ny claim arising in respect of . . . the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer." This section applies where a prisoner alleges that defendant prison officials detained his personal property. *Hatten*, 275 F.3d at 1210 (holding that section applied where prison officials mailed prisoner's property, which was in excess of maximum proscribed by new regulation, to address outside prison). In his response to the motion to dismiss for lack of subject matter jurisdiction, plaintiff makes no attempt to allege a waiver which would apply to an FTCA claim for his lost property. Sovereign immunity applies to plaintiff's FTCA claim against the government, whether it is against the United States, or against federal officers sued in their official capacities. The FTCA claim is properly dismissed for lack of subject matter jurisdiction, and I recommend defendants' motion to dismiss the (proposed) claim be granted on sovereign immunity grounds.

Finally, to the extent that plaintiff has previously filed administrative claims for damages under the FTCA, see plaintiff's Response to Motions to Dismiss, exhibit F at 1-2, it is probable that some of his rights to review the agency decision in this court have expired (*id.*, exh. F at 2 - letter of D. Kosiak, dated July 15, 2003) and it is not possible for the court to ascertain which, if any of the attachments in the exhibit to plaintiff's response to the Motions to Dismiss,[6] relates to the claims raised in the amended complaint. Due

---

[6]The claims, except one for lost property, included and/or referred to in exhibit Fare: TRT-NCR-2003-2303 (for $24.15) which was denied July 15, 2003; TRT-NCR-2004-2477 (for $191.35) (no further documentation supplied); TRT-NCR-2003-2304 (plaintiff has produced only a denial of

to the volume of documents plaintiff supplied, many of which appear to have little or nothing to do with this lawsuit, and combining that with the lack of factual specificity or any factual references to particular dates or occurrences, I am unable to determine whether there is a properly exhausted claim for loss of property before the court in the proposed amended complaint. I recommend that defendants' motion to dismiss for lack of subject matter jurisdiction be granted on sovereign immunity grounds, and I recommend that the motion to amend, to include a claim for loss of property under the FTCA, be denied as futile.

### 2. FOIA Claim - Statutory Requirements for Jurisdiction Lacking

Under the FOIA, federal government agencies are required to make certain classes of information available to the public upon request. *See* 5 U.S.C. § 552(a). To enforce FOIA provisions, federal district courts may "enjoin the agency from withholding agency records and ... order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). Thus, "[u]nder 5 U.S.C. § 552(a)(4)(B) federal jurisdiction is dependent upon a showing that an agency has (1) 'improperly' (2) 'withheld' (3) 'agency records.' " *Kissinger v. Reporters Comm.*, 445 U.S. 136, 150 (1980). Unless each criterion is met, a district court lacks jurisdiction to devise remedies to force an agency to comply with the FOIA's disclosure requirements. *U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989). Plaintiff has made no showing that he made an appropriate request for records which he is entitled to review, and accordingly, this court lacks subject matter jurisdiction over any FOIA claim plaintiff raises in his proposed

---

settlement offer); TRT-NCR-2004-2481(for $136.50) which was denied June 4, 2004; TRT-NCR-2004-4156 (for $750.00) denied on December 8, 2004; TRT-NCR-2004-2478 (personal injury claim for $10,150,000.00); and TRT-NCR-2005-1061 (for $332.00) (no further documentation supplied).

supplemental amendment.  To the extent that plaintiff has previously requested FOIA information, the January 28, 2005 letter from D. Kosiak (plaintiff's Response, exh. G at 14) explains that, due to plaintiff's outstanding balance due of $24.00 for FOIA request # 04-7214, the attempted FOIA request plaintiff made would not be processed.

Plaintiff has failed to show or allege that he can properly assert, on a jurisdictional basis, any FOIA claim in his proposed supplemental amended complaint. I recommend that the motion to amend to add any FOIA claim be denied as futile.

## B. Defendants' Motion Under FED.R.CIV.P. 12(b)(2) - Lack of Personal Jurisdiction

All the out-of-state defendants (except Jeter) next seek to dismiss the amended complaint for lack of personal jurisdiction over defendants Lappin (business address in Washington, D.C.), Dachisen (business address in Kansas City, Kansas), Pagli, Bierschbach, Creek and Burress (addresses in Pekin, Illinois), and Pottios (business address in Greenville, Illinois).  Defendants assert that plaintiff has failed to allege that any of these defendants are residents of Colorado or have had meaningful contact within the state, and as a result, are not subject to the jurisdiction of this court.

Before a federal court can assert personal jurisdiction over a defendant in a federal question case, the court must determine first whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and second, whether the exercise of jurisdiction comports with due process.  *Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1209 (10th Cir. 2000) (quotation omitted). Because a *Bivens* claim, like §1983, does not authorize nationwide service of

process,[7] personal jurisdiction must be established under the Colorado long-arm statute.   First, a federal district court may only exercise personal jurisdiction over a defendant "who could be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district court is located." FED.R.CIV.P. 4(k)(1)(A). Second, in addition to satisfying that state law requirement, the exercise of personal jurisdiction must "not offend the due process clause of the Fourteenth Amendment." *Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1074 (10th Cir.1995).

Colorado's long-arm statute, Colo.Rev.Stat. § 13-1-124, extends jurisdiction of courts in Colorado "to the fullest extent permitted by the Due Process Clause of the United States Constitution." *Mr. Steak, Inc. v. District Court*, 194 Colo. 519, 574 P.2d 95, 96 (Colo.1978) (*en banc*).   "The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.' "   *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72, (1985) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 319 (1945)).  Due process requires only that in order to subject a defendant to a judgment *in personam*, if he is not present within the territory of the forum, he must have certain minimum contacts with it such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice."   *Int'l Shoe*, 326 U.S. at 316 (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).  Further, a court may "assert specific jurisdiction over an out-of-state defendant ... if the defendant has purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or relate to those activities."   *Burger King*, 471 U.S. at 472

---

[7] *See, e.g., Scherer v. Curators of Univ. of Mo.*, 152 F.Supp.2d 1278, 1281 (D.Kan.2001).

(quotations omitted). "[I]t is essential in each case that there be some act by which the defendant purposefully avails [himself] of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958) (citations omitted).

The burden on a plaintiff challenging a motion to dismiss for lack of personal jurisdiction is slim - he need only make a *prima facie* showing of personal jurisdiction to defeat the motion. *Soma Med, Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1295 (10th Cir. 1999).   The first step is to look at whether the out-of-state defendant purposefully established minimum contacts in the forum state, and then to consider next whether assertion of personal jurisdiction comports with "fair play and substantial justice." *Burger King*, 471 U.S. at 476 (quotation omitted).   "The Due Process Clause permits the exercise of personal jurisdiction over a nonresident defendant 'so long as there exist minimum contacts between the defendant and the forum state.'" *Intercon, Inc. v. Bell Atlantic Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000)(quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 291 (1980)). Depending on the level of contact, personal jurisdiction may be either specific, in which case personal jurisdiction is based on specific activities or contacts the defendant had with the forum state, *Burger King*, 471 U.S. at 472-73, or it may be general, in which case jurisdiction is based upon "continuous or systematic contacts" between the defendant and the forum state. *Rambo v. American Southern Ins. Co.*, 839 F.2d 1415, 1418 (10th Cir. 1988).

The minimum contacts requirement will be satisfied where, after reviewing the defendant's interactions and connections with the forum state, a court can conclude that the defendant has " 'purposefully availed' [himself] of the protection and benefits of the

laws of the forum state." *Federated Rural Elec. Ins. Corp. v. Kootenai Elec. Coop.*, 17 F.3d 1302, 1305 (10th Cir.1994) (quoting *Burger King*, 471 U.S. at 473-76). Here, plaintiff makes only a blanket statement in his opposition to the motion to dismiss under FED.R.CIV.P. 12(b)(2): "Personal jurisdiction is found where federal statutes authorize nationwide service and the requisite minimum contacts analysis is sufficient." Plaintiff's Response in Opposition to Motions to Dismiss at 19.   Plaintiff further argues that since he is a federal prisoner suing federal employees in federal court that personal jurisdiction automatically exists over them. There are no factual or legal bases to support plaintiff's assertions, and there is no legal basis on which this court can properly exercise personal jurisdiction over the out-of-state prison officials who are defendants in this case.

I recommend that defendants' motion to dismiss for lack of personal jurisdiction over defendants Lappin, Dachisen, Pagli, Bierschbach, Creek, Burress and Pottios be granted because there is no legal basis on which this court can extend its jurisdiction over these defendants.

## C.  Defendants' Motion Under FED.R.CIV.P. 12(b)(6) -  Failure to State a Claim

In this *Bivens* action, plaintiff has sued the defendants in their official capacities. As stated above, a *Bivens* suit does not lie against a public official in his official capacity. *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1214 (10th Cir. 2003) cert. denied, ___ U.S. ___, 125 S.Ct. 344 (2004);  *Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir. 2001). Victims are entitled to recover money damages in such suits from defendant agents sued in their individual capacities only.  *Bivens*, 413 U.S. at 396-97.   I therefore recommend that defendants' motion to dismiss plaintiff's claims against them in their

official capacities be granted and that the claims against the defendants in their official capacities be dismissed.

### 1. Exhaustion

Defendants have also moved to dismiss several of the plaintiff's claims on the ground that he failed to exhaust those claims. A recurrent problem here concerns the presentation of plaintiff's claims and the difficulty the court has in determining the extent to which he may or may not have exhausted his claims through available administrative remedies. It is difficult to sift through the claims in his amended complaint to determine whether they have been exhausted because, notwithstanding his verbosity,[8] plaintiff offers almost nothing with regard to specific factual detail. In addition, the amended complaint contains only a fraction of the administrative proceedings which are appended to the original complaint. The proposed supplements add to the confusion. This makes the court's determination of whether plaintiff has exhausted his claim(s) exceedingly difficult. The Prison Litigation Reform Act (PLRA) states: "No action shall be brought with respect to prison conditions under [42 U.S.C. §1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correction facility until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). A prisoner must exhaust all available administrative remedies prior to seeking relief in federal court, regardless of the form of relief sought, and irrespective of the type of relief offered through the administrative process. *Booth v. Churner*, 532 U.S. 731 (2001); *Porter v. Nussle*, 534 U.S. 516 (2002).

---

[8]In the first four of plaintiff's exhibits to his response to defendants' Motion to Dismiss, exhibits A through D, I find references to numerous administrative remedies from 1994 through 2003. These references alone total 116 pages.

An inmate must plead exhaustion in his complaint.  To satisfy the statutory exhaustion requirement, a prisoner must provide a comprehensible statement of his claim and also either attach copies of administrative proceedings or describe their disposition with specificity.  *Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1210-11 (10th Cir. 2003).

The law in the Tenth Circuit, as set forth in *Steele*, is that exhaustion is a pleading requirement which must be met by the plaintiff or his complaint is subject to dismissal.[9] A complaint that "fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted."  *Steele*, 355 F.3d at 1210, quoting *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998).  With this standard in mind, I must conclude that plaintiff's allegations, along with the supporting exhibits attached to the amended complaint filed September 15, 2004, do not demonstrate that plaintiff has exhausted his claims before bringing them to this court.  My conclusion is also appropriate in light of the Tenth Circuit's more recent discussion relating  to administrative exhaustion in the PLRA context in *Ross v. County of Bernalillo*, 365 F.3d 1181 (10th Cir. 2004).  The *Ross* court held that "in the absence of particularized averments concerning exhaustion showing the nature of the administrative proceeding and its outcome, the action must be dismissed under § 1997(e).  *Id.* at 1184. Plaintiff's amended complaint and its attachments do not meet that requirement. Because it is not

---

[9]The Tenth, Eleventh and Sixth Circuits hold this minority view.  See *Rivera*, 144 F.3d at 731, *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998)(*per curiam*).  Other circuits interpret §1997e(a) of the PLRA as allowing a defendant's  assertion of failure to exhaust to be raised as an affirmative defense.  *Steele*, 355 F.3d at 1210.

appropriate for the court to advocate on behalf of a *pro se* litigant,[10] I am not permitted to sift through the voluminous materials which plaintiff has cumulatively presented in this action to determine whether he attempts to raise a claim for the first time in his response to the motions to dismiss.[11] I further am not required to supply facts for a pro se plaintiff that he fails to set forth himself. *Whitney v. State of New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

Under other circumstances, any unexhausted claims against Winn and Quintana would typically mandate dismissal without prejudice of the entire action,[12] but since I recommend dismissal on the merits for plaintiff's failure to state a claim, the exhaustion requirement does not apply.  42 U.S.C. § 1997e(c)(2); *Ross*, 365 F.3d at 1190.

The only exhausted grievance which is attached to plaintiff's amended complaint is AR #330681, denied by H. Watts on July 20, 2004.  Because it appears that plaintiff has exhausted this claim, he may have stated a denial of due process claim, and I will consider it below.  In conclusion, I recommend that defendants' Motion to Dismiss be granted on the grounds of failure to exhaust administrative remedies, with the exception

---

[10]Plaintiff argues in his response to the Motions to Dismiss "perhaps defendants' counsel expects this court to scrutinize administrative remedies so strictly that inmates seeking relief in court should have already litigated the case administratively."  Response at 30.  Plaintiff also appears to argue that through the sheer volume of his complaints about tolerance for smoking in prisons and by allegedly being labeled a "snitch" that he will be able to prevail on his claims.  *See id.* at 86 where plaintiff claims he "has proven by the sheer volume of grievances he has filed in seven years that everyone in the federal prison system knew about his ETS complaints."

[11]I observe that the plaintiff attached information pertaining to twelve administrative remedies to his original complaint, filed July 30, 2004, and which he was directed by Magistrate Judge Schlatter to amend or face dismissal.

[12]In *Moore v. Schoeman*, 288 F.3d 1231 (10th Cir. 2002) the Tenth Circuit held that a federal habeas court need not resolve issues of exhaustion if the entire §2254 application can be dismissed on its merits (it also rejected what is known as the "hybrid" approach to partially exhausted petitions). *Id.* at 1235.

of AR #330681.

### 2. Qualified Immunity

The defendants have asserted the qualified immunity defense in response to plaintiff's constitutional claims against them in their individual capacities for monetary relief.   Qualified immunity shields public officials from civil damages liability if their actions did not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Under *Bivens* and §1983, officials performing discretionary functions generally are shielded from individual liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Johnson v. Fankell*, 520 U.S. 911, 914-15 (1997). "Once a defendant raises the defense of qualified immunity in the context of a motion to dismiss, a court must first determine whether the plaintiff has asserted a violation of federal law." *Currier v. Doran*, 242 F.3d 905, 917 (10th Cir.), *cert. denied*, 534 U.S. 1019 (2001).  Plaintiff has made no attempt to state the deprivation of a constitutional or statutory right in his response to the motions to dismiss or in any other papers filed with the court.

### a. Eighth Amendment Deliberate Indifference

In *Helling v. McKinney*, 509 U.S. 25, 35-36 (1993), the Supreme Court held that a prisoner could state a cause of action under the Eighth Amendment by alleging that prison officials had permitted him to be exposed to levels of tobacco smoke that presented an unreasonable risk of serious harm to future health. I give plaintiff's claim a liberal construction, and turn to the first element of a deliberate indifference claim, the objective element.

The objective element requires plaintiff to state facts demonstrating that the plaintiff himself is being exposed to unreasonably high levels of environmental tobacco smoke (ETS). *Id.* at 36. This factor requires "more than a scientific and statistical inquiry into the seriousness of the potential harm and the likelihood that such injury to health will actually be cause by exposure to ETS. It also requires a court to assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose *anyone* unwillingly to such a risk." *Id.* at 36 (emphasis in original). Plaintiff asserts that he is allergic to cigarette smoke, but he has not come forward with any facts that could demonstrate that he was being subjected to harmful ETS at a level that would violate contemporary standards of decency. Plaintiff's primary complaint about ETS concerns the prison's ability to enforce nonsmoking rules to plaintiff's satisfaction. I find this complaint, coupled with the fact that plaintiff has not come forward with serious medical needs to be insufficient to form the basis for a viable Eighth Amendment claim.[13] He has failed to establish the objective element of his Eighth Amendment claim. In addition, plaintiff's claim would likewise fail under the subjective element because he has not alleged or offered facts which would show that prison authorities acted or failed to act despite their knowledge of a substantial risk of serious harm. *Farmer v. Brennan*, 511 U.S. 825, 842 (1994). I conclude that

---

[13]See *Goffman v. Gross*, 59 F.3d 668 (7th Cir. 1995)(affirming judgment against prisoner who had cancerous lung removed who was placed in a cell with a smoker for failure to establish Eighth Amendment for immediate, not future harm to health): *Alvarado v. Litscher*, 267 F.3d 648 (7th Cir. 2001)(qualified immunity (as affirmative defense) denied on claim by prisoner with severe chronic asthma who asserted Eighth Amendment claim based on ETS where prisoner was exposed to cigarette smoke in a designated non-smoking area of the prison); and *Larson v. Kempker*, 405 F.3d 645 (8th Cir. 2005)(upholding grant of summary judgment against prisoner who was not diagnosed with allergy to ETS or with any current respiratory disease or condition on grounds that he failed to meet the objective factor that he was subjected to unreasonably high levels of ETS (where evidence indicated that smoking ban not strictly enforced)).

plaintiff has failed to meet his burden of showing that the conduct he complains of violated his constitutional rights.

### b. Eighth Amendment Failure to Protect

The Supreme Court held that "prison officials have a duty ... to protect prisoners from violence at the hands of other prisoners." *Farmer*, 511 U.S. at 833 (citation omitted). The deliberate indifference of a prison official "to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Id*. at 828.  To establish a cognizable Eighth Amendment claim for failure to protect, the plaintiff "'must show that he is incarcerated under conditions posing a substantial risk of serious harm' the objective component, and that the prison official was deliberately indifferent to his safety, the subjective component."  *Verdecia v. Adams*, 327 F.3d 1171, 1175 (10th Cir. 2003), quoting *Benefield v. McDowall*, 241 F.3d 1267, 1271 (10th Cir. 2001).

Plaintiff has not established, through factual allegations in his amended complaint, that he is incarcerated under conditions posing a substantial risk of serious harm because he has been labeled a "snitch" or because he is outspoken in his opposition to smoking.  Plaintiff fails to state facts to demonstrate the objective element of this claim, and his claim is properly dismissed on that ground alone.

Plaintiff also has not stated any facts to support the subjective component of a deliberate indifference failure to protect claim, which requires that, before liability can be imposed, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998).  Plaintiff's Eighth Amendment claim for failure to protect should also be dismissed.

*c. Retaliatory Transfer to Florence FCI*

Plaintiff claims that his transfer to Florence, which he terms "the most violent prison in America" was in retaliation for exercising his First Amendment right to file grievances regarding his exposure to ETS. *See* paragraphs 108, 109 of the amended complaint. An inmate has no justifiable expectation that he will be incarcerated in any particular prison, however. *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983). A retaliation claim must be substantiated in some way, but plaintiff has not offered facts which could demonstrate any close temporal proximity to any grievances filed and his transfer, which is otherwise within the normal incidents of prison confinement. *Meachum v. Fano*, 427 U.S. 215, 225 (1976). Plaintiff's claim for retaliatory transfer is properly dismissed.

*d. Due Process Claims*

Plaintiff appears to argue he has been deprived of a liberty interest by what he calls "long-term lockdown." *See* paragraphs 114 and 115 of the amended complaint. He also claims he has been deprived of his property. *See* paragraphs 119 and 120. The Due Process Clause of the Fifth Amendment provides, in pertinent part that "[n]o person shall ... be deprived of ... liberty ... without due process of law." U.S. CONST. AMEND. V. The due process protection of the Fifth Amendment has two components, a substantive due process component and a procedural due process component. *Ho v. Greene*, 204 F.3d 1045, 1058 (10th Cir. 2000); *see United States v. Salerno*, 481 U.S. 739, 746 (1987). The procedural due process component precludes the government from depriving a person of life, liberty, or property in an unfair manner. *See Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

To state a due process claim, a plaintiff must show the infringement of a liberty or

property interest. *Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1990).

Plaintiff has failed to identify the nature of his due process claims beyond his conclusory

statements that the incident report contained false statements, and that he has lost

property on numerous occasions.  Generally, restraints on a prisoner's liberty within the

prison system implicate the due process clause only when such restraints "impose[ ]

atypical and significant hardship on the inmate in relation to the ordinary incidents of

prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).  Plaintiff does not allege that

his placement in SHU have imposed "atypical" or "significant" hardships on his prison

life or have affected the length of his confinement.[14]  Plaintiff has also failed to allege that

his constitutional rights were violated by his loss of property.  Consequently, I conclude

that his due process claims should be dismissed for failure to state a claim.

Lastly, with regard to Lt. Jeter, who apparently has not yet been served, I

recommend dismissal of all claims against him on the grounds set forth above, and in

particular because of lack of personal jurisdiction.  According to plaintiff's amended

complaint, Lt. Jeter was an employee at the FCI in Greenville, Illinois.  There are no

grounds on which the court can exercise jurisdiction over him.

Based on the foregoing, it is

**RECOMMENDED** that defendants' three Motions to Dismiss Pursuant to FED.R.

CIV. P. 12(b)(1), 12(b)(2) and 12(b)(6) [doc. ## 40, 41 and 42, all filed March 7, 2005, be

---

[14]"[T]he transfer of an inmate to less amenable and more restrictive quarters for nonpunitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence." *Hewitt v. Helms*, 459 U.S. 460, 468 (1983). Therefore, "administrative segregation is the sort of confinement that inmates should reasonably anticipate receiving at some point in their incarceration," and does not involve an interest independently protected by the Due Process Clause. *Id.*

**GRANTED and that plaintiff's complaint should be DISMISSED IN ITS ENTIRETY;** it is

**FURTHER RECOMMENDED** that plaintiff's Motion for Leave to File a Supplement to Amended Complaint [doc. # 56, filed June 6, 2005] be **denied**; and it is

**FURTHER RECOMMENDED** that plaintiff's Motion to Clarify Proposed Supplement to Amended Complaint be **granted**.

**Within ten days after being served with a copy of the proposed findings and recommendation, any party may serve and file written objections to the proposed findings and recommendation with the Clerk of the United States District Court for the District of Colorado. The district court judge shall make a determination of those portions of the proposed findings or specified recommendation to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the proposed findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Failure to make timely objections to the magistrate judge's recommendation may result in a waiver of the right to appeal from a judgment of the district court based on the findings and recommendations of the magistrate judge.**

Dated this 12th day of August, 2005.

BY THE COURT:

  /s Patricia A. Coan
PATRICIA A. COAN
United States Magistrate Judge