IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.   04-D-1574 (PAC)

ROSS ALAN MILBURN,

    Plaintiff(s),

v.

HARLEY LAPPIN;
ANDREW DACHISEN;
LOUIS WINN;
MR. QUINTANA;
LT. PAGLI;
F. A. BIERSCHBACH;
MR. CREEK;
MIKE BURRESS;
LT. JETER; and
PETE PATTIOS,

    Defendant(s).

_____

**ORDER ADOPTING AND AFFIRMING RECOMMENDATION**
_____

I.    <u>INTRODUCTION AND FACTUAL BACKGROUND</u>

THIS MATTER is before the Court in connection with three motions to dismiss filed by Defendants on March 7, 2005, as well as Plaintiff's Motion for Leave to File a Supplement to Amended Complaint, filed June 6, 2005, and Plaintiff's Motion to Clarify Proposed Supplement to Amended Complaint, filed July 5, 2005.  The motions relate to Plaintiff's amended complaint filed September 15, 2004, that alleges jurisdiction under 28 U.S.C. §§ 1331 and 1346 and other federal statutes, and requests a jury trial.  These motions were referred to Magistrate Judge Coan for a recommendation by a

general Order of Reference dated November 9, 2004.

Magistrate Judge Coan issued a Recommendation of United States Magistrate Judge on August 12, 2005, which is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72(b). She recommends therein that Defendant's motions to dismiss be granted, and that the amended complaint be dismissed in its entirety. *Recommendation* at 19-20. Magistrate Judge Coan also recommends that Plaintiff's Motion to Clarify Proposed Supplement to Amended Complaint be granted and that Plaintiff's Motion for Leave to File a Supplement to Amended Complaint be denied. *Id.* at 21. The Recommendation advised that written objections were due within ten days after service of the Recommendation. *Id.*

Plaintiff, who was incarcerated at the U.S. Penitentiary (USP) in Florence, Colorado at the commencement of this case, but recently has been transferred to the USP in Beaumont, Texas, filed his amended complaint in this case on September 15, 2004. Magistrate Judge Coan found that the amended complaint contained claims under the Eight Amendment relating to Plaintiff's desire to live in a smoke-free environment and his allegations that prison officials failed to protect him from prisoners who are smokers, a retaliatory transfer claim, and Fifth Amendment due process claims involving deprivation of his alleged liberty and property interests. Magistrate Judge Coan concluded that any additional allegations in the amended complaint were vague and conclusory and could not be construed as separate claims. Plaintiff's amended complaint seeks declaratory judgment, injunctive relief, expungement of his prison record and monetary damages.

In their motions to dismiss the amended complaint, Defendants characterize the allegations in the amended complaint as giving rise to claims under the First Amendment, the Eight Amendment, and Fifth Amendment, the Federal Tort Claims Act ("FTCA"), the Freedom of Information Act ("FOIA"), and the Declaratory Judgment Act. Defendants moved to dismiss those claims asserting (1) that the Court lacks personal jurisdiction over Defendants Lappin, Dachisen, Pagli, Bierschback, Crrek, Burress, and Pottios; (2) that Plaintiff failed to meet exhaustion requirements under the Prison Litigation Reform Act of 1995; (3) that Defendants are entitled to qualified immunity; (4) that the Court lacks jurisdiction over the official capacity claims raised against the federal officers in named in the amended complaint; and (5) that the dismissal is proper because the individual defendants are improper parties under the FTCA.

On June 6, 2005, Plaintiff filed a Motion for Leave to File a Supplemental Amendment to Complaint, a Motion to Waive Sovereign Immunity of the United States and Bureau of Prisons, and Proposed Supplemental Amendments to Complaint. Plaintiffs proposed "amendments" to the amended complaint include adding the United States and the Bureau of Prisons as Defendants on his FTCA claim, his FOIA claim, and his claims for declaratory and injunctive relief, changing the phrase "official capacity" to the phrase "individual capacity" in certain places in the amended complaint, and including the United States Attorney General on the Certificate of Service. On July 7, 2005, Plaintiff filed a Motion to Clarify Proposed Supplemental Amendments to Complaint, in which he purports to clarify which named Defendants he is attempting to sue in their "official capacities," and which he is attempting to sue in

their "individual capacities." Plaintiff's Motion to Clarify further states that the United States is the proper Defendant as to his FTCA claim, that the Bureau of Prisons is the proper Defendant as to his FOIA claim, and that Defendants Lappin and Dachisen are sued in their individual capacities for damages and in their official capacities for declarative and injunctive relief.

Magistrate Judge Coan recommended that Plaintiff's Motion for Leave to File Supplement to Amended Complaint be denied, that Plaintiff's Motion to Clarify be granted, that Defendants' three motions to dismiss pursuant to Fed.R.Civ.P. 12(b)(1), 12(b)(2), and 12(b)(6) be granted and that Plaintiff's amended complaint should be dismissed in its entirety. In the Recommendation, Magistrate Judge Coan found (1) that sovereign immunity was a bar to subject matter jurisdiction as to all claims asserted against any federal agency Defendants and against any individual Defendants in their official capacities; (2) that Plaintiff failed to show he could properly assert his FOIA claim; (3) that the claims against Defendants Lappin, Dachiesn, Pagli, Bierschbach, Creek, Burress, Pottios and Jeter must be dismissed for lack of personal jurisdiction; (4) that Plaintiff's claims, with the exception of claim AR#330681, be dismissed for failure to exhaust administrative remedies; and (5) that Plaintiff's claims under the First, Fifth and Eight Amendments should be dismissed for failure to state a claim.

Defendants filed an Objection on August 25, 2005. Plaintiff was granted two extensions of time to file objections (up to November 1, 2005), and filed a ninety-two page hand-written objection on October 27, 2005. Both objections necessitate a *de novo* determination as to those specified proposed findings or recommendations to

which objection is made since the nature of the matter is dispositive.  FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1).

## II.   ANALYSIS

### A.   Plaintiff's Objections

Initially, I note that much of Plaintiff's lengthy objection contains extraneous information and conclusory allegations that are not directed at the conclusions and findings in the Recommendation.  For example, Plaintiff devotes the first portion of his Objection to a discussion of Magistrate Judge Coan's use of certain phrases in the Recommendation, such as Magistrate Judge Coan's characterization of Plaintiff's complaint as "vague and conclusory."  Plaintiff contends that Magistrate Judge Coan's description of his jurisdictional allegations and his proposed amendments is misleading and confusing, and states that he as "properly raised the jurisdictional statutes in his complaint" concerning his FTCA and FOIA claims.  Objection at 25-31.  These portions of Plaintiff's Objection are not directed at "specified proposed findings or recommendations," and do not articulate a basis for reversal of the Recommendation.  Moreover, contrary to Plaintiff's assertions, I do not find the Recommendation to be confusing or misleading.

#### 1.   Sovereign Immunity

Plaintiff next objects to Magistrate Judge Coan's recommendation that certain claims and parties in the amended complaint be dismissed based on the doctrine of sovereign immunity.  Objection at 31-37; 56-58.  In support of this Objection, Plaintiff notes that he filed a Motion to Waive Sovereign Immunity of the United States

Government, that he has served the United States Attorney General with the amended complaint, and that the Untied States has waived its sovereign immunity under the FTCA with regard to his tort claims for "loss of property and assault and battery."

Absent a waiver, the doctrine of sovereign immunity shields both federal agencies and federal agents acting in their official capacities from suit. *Hatten v. White*, 275 F.3d 1208, 1220 (10th Cir. 2002). This Court cannot waive the sovereign immunity of the United States Government, nor does service of process on the Untied States Attorney General effect such a waiver. In addition, I agree with Magistrate Judge Coan that the FTCA's limited waiver of sovereign immunity does not apply to Plaintiff's tort claim for loss of property. *See* 28 U.S.C. § 2680(c). Finally, although the Recommendation did not construe Plaintiff's FTCA claim as a claim for assault and battery, I find that even assuming Plaintiff has alleged such a claim, the FTCA's waiver of immunity would not apply to this claim. Plaintiff's allegations concerning assault and battery involve the actions of other inmates and not federal officials. The FTCA's waiver of sovereign immunity with respect to claims arising out of assault and battery is limited to the intentional acts of Government employees. *See* 28 U.S.C. § 2680(h); *Sheridan v. U.S.*, 487 U.S. 392, 400-03 (1988). Therefore, Plaintiff cannot sustain a claim against the United States or the Bureau of Prisons under the FTCA. Plaintiff's claims under the FTCA, as well any claims he has attempted to bring against any of the individual Defendants in their official capacities are properly dismissed.

    2.    <u>FOIA</u>

Plaintiff next objects to dismissal of his FOIA claim and asserts that Magistrate

Judge Coan has "misconstrued" this claim. Objection at 44-53. By his own admission, Plaintiff's FOIA claim is based on his assertion that his prison records contain inaccurate and false information. However, as Magistrate Judge Coan recognized, Plaintiff has failed to allege that any of those records were "improperly withheld," and without such allegations, Plaintiff's FOIA claim must be dismissed. See 5 U.S.C. § 552(a)(4)(B); *Kissinger v. Reporters Comm.*, 455 U.S. 136, 150 (1980).

### 3. Personal Jurisdiction

Plaintiff also objects to Magistrate Judge Coan's dismissal of the out-of-state Defendants for lack of personal jurisdiction. Objection at 53-56. Plaintiff contends that this Court has personal jurisdiction over any federal prison employees, regardless of their minimum contacts with the State of Colorado. Plaintiff is incorrect. A federal court may only exercise personal jurisdiction over a defendant "who could be subjected to the jurisdiction of a court or general jurisdiction in the state in which the district court is located." Fed.R.Civ.P. 4(k)(1)(A). I find that Magistrate Judge Coan properly dismissed all of Plaintiff's claims asserted against Defendants Lappin, Dachiesn, Pagli, Bierschbach, Creek, Burress, Pottios and Jeter, because this Court lacks personal jurisdiction over these Defendants.

### 4. Constitutional Claims

Plaintiff also objects to Magistrate Judge Coan's dismissal of his remaining constitutional claims under the doctrine of qualified immunity and her finding that Plaintiff has failed to allege deprivation of a constitutional or federal statutory right.

        a.      First Amendment Claim

Plaintiff objects to dismissal of his First Amendment claim, which is based on assertions that he was transferred to other prisons in retaliation for his filing grievances and complaining about his exposure to second-hand smoke. Objection at 83-88. Magistrate Judge Coan found that Plaintiff has failed to demonstrate a close temporal proximity between any protected speech and his transfer. I agree with Magistrate Judge Coan and I find that Plaintiff's First Amendment Claim must be dismissed.

        b.      Fifth Amendment Claim

Plaintiff next objects to dismissal of his Fifth Amendment due process claims. Objection at 88-92. In the amended complaint, Plaintiff alleges that his due process rights were violated when he was placed in "long-term lock-down" for a period in excess of 90-days, and that prison officials failed to follow review procedures or demonstrate "exceptional circumstances," that require him to be kept in lock-down. Plaintiff also alleges that various items of his personal property were "lost, stolen, misplaced, damaged or confiscated by prison officials." Magistrate Judge Coan found that Plaintiff had failed to allege that his placement in "lock-down" imposed an "atypical" or "significant" hardship on his prison life or had affected the length of his confinement. *See Wilson v. Jones*, 430 F.3d 1113, 1117 (10th Cir. 2005). Placement in segregated confinement is not the sort of atypical, significant deprivation that gives rise to a liberty interest entitled to due process protection. In addition, Plaintiff has not demonstrated that his placement in "lock-down" would affect the duration of his sentence. See *Sandin v. Conner*, 515 U.S. 472, 483-85 (1995); *Talley v. Hesse*, 91 F.3d 1411, 1413

(10th Cir. 1996). I find that Plaintiff has failed to allege a liberty or property interest that would support a Fifth Amendment due process claim. Therefore, Plaintiff's due process claims are properly dismissed.

                c.        Eight Amendment

Plaintiff also objects to dismissal of his Eight Amendment claims. Objection at 69-78. Plaintiff asserts two Eight Amendment claims. His first Eight Amendment claim is based on allegations that his exposure to high levels of environmental tobacco smoke (ETS) constitutes cruel and unusual punishment. "The test for an Eight Amendment violation has both an subjective and objective requirement." *Dexter v. Ford Motor Co.*, 92 Fed.Appx. 637, 639-40 (10th Cir. 2004). A prisoner must show both a deprivation that is "sufficiently serious," posing "a substantial risk of serious harm," and that prison officials know of and intentionally disregard this risk. *Id.* A prisoner states a cause of action under the Eight Amendment if he alleges that prison officials, acting with deliberate indifference, exposed him to levels of tobacco smoke sufficient to create an unreasonable risk of serious harm to future health. *See Helling v. McKinney*, 509 U.S. 25, 35-36 (1993).

In the Recommendation, Magistrate Judge Coan found that the allegations in Plaintiff's amended complaint dealt primarily with enforcement of nonsmoking regulations, that Plaintiff had not shown he had a serious medical condition, that he failed to state facts demonstrating that he is being exposed to unreasonably high levels of ETS and that he failed to allege that prison officials acted with deliberate indifference.

Plaintiff has been incarcerated in various federal prisons since 1982. In his amended complaint, Plaintiff alleges that he has been exposed to environmental tobacco smoke ("ETS") in all of those prisons. Plaintiff alleges that he has severe respiratory problems, that he is allergic to ETS, and that his exposure to ETS has caused, among other things, sinus blockage, wheezing, excess mucus, headaches, sleeplessness, bronchitis, stress, anxiety, lack of motivation and difficulty breathing. Plaintiff contends that ETS is "constantly circulated through the ventilation system into the individual cells in the housing units effectively eliminating smoke-free housing and living areas." Plaintiff further alleges that each Defendant knew or should have known that Plaintiff had a serious medical need to live smoke-free, and refused to enforce the non smoking policy and to provide a smoke-free living area.

I find that although Plaintiff has alleged that he suffers from severe medical problems, he has failed to demonstrate that Defendants Winn and Quintana, the only two Defendants over which this Court has jurisdiction, were deliberately indifferent to his alleged medical condition. While at USP Florence, Plaintiff was housed in a non-smoking unit before he was transferred to the SHU. I agree with Magistrate Judge Coan that the thrust of Plaintiff's amended complaint is alleged non-enforcement of non-smoking regulations. Plaintiff alleges that Defendant Winn "is responsible for the housing units and supervising the enforcement of the non-smoking policy," at USP Florence, and that Defendant Winn "is responsible for transferring a large number of smokers into the non-smoking unit." Deliberate indifference "requires more than a showing of simple or heightened negligence," it requires a plaintiff to allege facts

demonstrating that officials subjectively knew of a risk and were deliberately indifferent to that risk. *Verdecia v. Adams*, 327 F.3d 1171, 1175-76 (10th Cir. 2003). Plaintiff's allegations concerning Defendant Winn and Defendant Quintana's decision or recommendation to transfer smokers into the non-smoking unit, and his allegations that "[t]here was an unwritten rule that smokers could smoke in their cell . . . " are not sufficient to show deliberate indifference. Plaintiff's Eight Amendment claim based on his exposure to ETS must be denied.

Plaintiff's second Eight Amendment claim involves allegations that prison officials failed to protect him from retaliation by other inmates who are smokers. Objection at 78-83. A prisoner can establish an Eight Amendment violation based on allegations that he is incarcerated under conditions posing a substantial risk of serious harm and that prison officials are deliberately indifferent to his safety. *Verdecia*, 327 F.3d at 1175. Magistrate Judge Coan concluded that Plaintiff failed to allege that he is incarcerated under conditions imposing a substantial risk of serious harm, and failed to allege facts sufficient to demonstrate that prison officials are deliberately indifferent to his safety. In his amended complaint, Plaintiff asserts that Defendants Winn and Qunitana are responsible for transferring smokers into the non-smoking housing units and "allowing smokers to take over the unit by shear numbers and dominate complaining nonsmokers with fear, and threats and acts of violence." Plaintiff asserts he was assaulted by a contract hit man, hired by smoking inmates, three days after Defendant Quintana allegedly "told the Mexican orderlies that plaintiff was dropping notes on smokers." Again, I find that Plaintiff has failed to demonstrate that Defendants

were deliberately indifferent to his safety. There are no allegations in the amended complaint that suggest Defendants were aware that Plaintiff was in danger of being attacked by smoking inmates. I find that Magistrate Judge Coan properly dismissed this claim.

### 5. Exhaustion

Finally, Plaintiff objects to Magistrate Judge Coan's finding that he failed to meet exhaustion requirements under the PLRA as to all but one of his claims. Objection at 37-44, 58-67. Because I find that Plaintiff's claims were properly dismissed on the merits, I need not address this objection.

### B. Defendant's Objection

Defendants object to the Recommendation on the sole ground that Magistrate Judge Coan erred in failing to dismiss the complaint based on the ground of exhaustion. I overrule the objection. The Recommendation noted that Defendants moved to dismiss several of Plaintiff's claims on the ground that he failed to exhaust administrative remedies. *Recommendation* at 12. Magistrate Judge Coan found on that issue that exhaustion is a pleading requirement that must be met by the plaintiff, and that "plaintiff's allegations, along with the supporting exhibits attached to the amended complaint . . . do not demonstrate that plaintiff has exhausted his claims before bringing them to this court." *Id.* at 13. She concluded that "[u]nder other circumstances, any unexhausted claims . . . would typically mandate dismissal without prejudice of the entire action, but since I recommend dismissal on the merits for plaintiff's failure to state a claim, the exhaustion requirement does not apply. *Id.* at 14

(internal footnote omitted).  As support for this conclusion, Magistrate Judge Coan cites *Moore v. Schoeman*, 288 F.3d 1231 (10th Cir. 2002).

In *Moore*, the Tenth Circuit held that "a district court faced with a habeas petition containing unexhausted claims may either (1) dismiss the entire action without prejudice in order to permit exhaustion of state remedies, or (2) deny the entire petition on the merits. *Id.* at 1235.  Defendants argue that *Moore* is not controlling because it was a habeas case. They cite two Tenth Circuit cases that they argue mandate dismissal without prejudice of the entire case since it involves at least some unexhausted claims.  *See Patel v. Fleming*, 415 F.3d 1105 (10th Cir. 2005); *Ross v. Bernalillo*, 365 F.3d 1181 (10th Cir. 2004).

I overrule Defendants' objection.  Neither of the cases cited by Defendants involved a situation where the court dismissed the case on the merits, regardless of the fact that some claims had not been exhausted.  I believe Magistrate Judge Coan correctly decided that under the circumstances of this case, she could dismiss the case on the merits.  First, I find that her reliance on *Moore* is not necessarily misplaced.  The Tenth Circuit in *Ross* cited habeas law with approval in discussing the exhaustion issue therein, noting that the same policies as to exhaustion in a habeas case apply in the PLRA context.  *Id.* at 1185-86.  Second, Defendants ignore a recent Tenth Circuit case holding that "[u]nder certain circumstances, a district court may, notwithstanding failure to exhaust [under the PLRA], proceed to the merits of the claim and dismiss with prejudice if it concludes a party would be unsuccessful even absent the exhaustion issue.  *Fitzgerald v. Corrections Corp. of America*, 403 F.3d 1134, 1139 (10th Cir.

2005). Here, since Magistrate Judge Coan found that Plaintiff would be unsuccessful even absent the exhaustion issue, I find that the Recommendation is proper.

Accordingly, for the reasons stated above, it is

ORDERED that the Recommendation of United States Magistrate Judge filed August 12, 2005, is **AFFIRMED AND ADOPTED**. In accordance therewith, it is

ORDERED that Plaintiff's Motion to Clarify Proposed Supplement to Amended Complaint (docket # 66) is **GRANTED**. It is

FURTHER ORDERED that Plaintiff's Motion for Leave to File a Supplement to Amended Complaint (docket # 56) is **DENIED**. It is

FURTHER ORDERED that the Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2), the Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and the Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) (all filed March 7, 2005) (docket #s 40, 41, 42) are **GRANTED** consistent with the Recommendation, and the Complaint is **DISMISSED** in its entirety. It is

FURTHER ORDERED that Plaintiff's Objection, filed October 27, 2005, is **OVERRULED**. Finally, it is

ORDERED that Defendants' Objection filed August 25, 2005 is **OVERRULED**.

Dated: March 16, 2006

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge